DAVID S. GEER *et al. v.* ROBERT J. FRANK *et al.*

and

J. L. BENNETT *v.* ROBERT J. FRANK *et al.*

*Opinion filed April 17, 1899—Rehearing denied June 7, 1899.*

1. CHAMPERTY—*law of champerty is in force in Illinois.* The law of champerty is in force in Illinois, although its common law force has been somewhat qualified by the decisions of our courts. (*Thompson v. Reynolds,* 73 Ill. 11, followed.)

2. SAME—*agreement by attorney to bear costs of suit is champertous.* A contract by which an attorney agrees to prosecute a suit on a contingent fee and bear the expense and costs of litigation is champertous, and cannot be enforced in law or equity.

3. CONTRACTS—*illegality of part of consideration for entire contract vitiates the contract.* An agreement by an attorney to prosecute a suit on a contingent fee is void, where part of the consideration for his undertaking is that another attorney shall render his services and bear the expense and costs of litigation.

4. SAME—*contract merely for contingent fee is not illegal.* An attorney may make an agreement to prosecute a suit on a contingent fee of a legitimate character, and in such case the contract, if not against conscience or unreasonable, may be enforced in equity.

*Geer v. Frank,* 79 Ill. App. 195, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

ERNEST SAUNDERS, for appellants:

An agreement by an attorney to commence suit upon a contingent fee and pay costs and expenses of the litigation is valid. 5 Am. & Eng. Ency. of Law, (2d ed.) 825.

An agreement is not champertous where the expense of litigation is not to be paid by the client. *Phillips* v. *South Park Comrs.* 119 Ill. 626; *West Chicago Park Comrs.* v. *Coleman,* 108 id. 591; *Fetrow* v. *Merriwether,* 53 id. 275; *Newkirk* v. *Cone,* 18 id. 449.

A contract which measures the compensation by the amount recovered is not champertous; neither is a contract to pay one-half of the amount received. And it makes no difference if the attorney agrees to advance the costs, the client being without means. *Dunne* v. *Herrick,* 37 Ill. App. 180.

It is not champerty in Illinois unless one shall officiously intermeddle in some suit at common law or chancery with a view to promote litigation, or shall wickedly and willfully excite and stir up suits or quarrels with a view to promote strife and contention. Starr & Curtis' Stat. 1897, sec. 61, p. 1241.

The common law offense of maintenance was abolished by the above section.

Contingent fees are not contrary to public policy. *Newkirk* v. *Cone,* 18 Ill. 449; *Holmes* v. *Gilbert,* 64 id. 548.

A contract to pay a portion of the amount recovered, contingent on the result of the action, as compensation for legal services, is not champertous or void, but valid. *Railroad Co.* v. *Ackley,* 58 Ill. App. 572.

A special contract with a client for fees will be enforced if all obligations are discharged by the attorney. 5 Am. & Eng. Ency. of Law, (2d ed.) 823.

The common law rule as to champerty has been so pruned away and exceptions so grafted upon it that there is nothing of substance of it left in this State. *Dunne* v. *Herrick,* 37 Ill. App. 180.

YOUNG, MAKEEL & BRADLEY, and MITCHELL & ADDINGTON, for appellees:

A stipulation forbidding a settlement or compromise of a suit without the consent of all parties to the con-

tract renders the contract void. *Railroad Co.* v. *Ackley*, 171 Ill. 100.

Any contract whereby a client is prevented from setting or discontinuing his suit is void, as such agreement would foster and encourage litigation. *Lewis* v. *Lewis*, 15 Ohio, 715; *Elwood* v. *Wilson*, 21 Iowa, 523; *Foster* v. *Jacks*, 4 Wall. 334; Greenhood on Public Policy, 474; *Boardman* v. *Thompson*, 25 Iowa, 487; *Huber* v. *Johnson*, 70 N. W. Rep. 805.

To make out a case of champerty it is not sufficient to show that a part of the thing recovered was paid, or agreed to be paid, as an attorney's fee. It must also be shown that the costs and expenses of the suit, or some part of them, are paid or agreed to be paid by the attorney. *West Chicago Park Comrs.* v. *Coleman*, 108 Ill. 591; *Phillips* v. *South Park Comrs.* 119 id. 626; *Thompson* v. *Reynolds*, 73 id. 11.

Where a promise is based upon several considerations, and one of those considerations is illegal, the entire contract is void, because it is impossible to say which one of the several considerations contributed most to inducing the promise. *Toby* v. *Robinson*, 99 Ill. 222; *Railroad Co.* v. *Matthews*, 104 id. 257; *Henderson* v. *Palmer*, 71 id. 579; Lawson on Contracts, sec. 341.

An attorney cannot, during the pendency of a suit in relation to a particular subject matter, make any contract with his client, which is binding upon the client, for a portion of the subject matter in litigation. *Elmore* v. *Johnson*, 143 Ill. 513; *Rogers* v. *Marshall*, 3 McCrary, 76.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

David S. Geer filed the original bill in this case in the superior court of Cook county, alleging that on August 29, 1895, he entered into an agreement with Robert J. Frank, by which Frank assigned to him an undivided one-third of a claim of said Frank against the American Automatic Lighting Company, F. A. Cody and L. T. Lawton, in con-

sideration of his services to be rendered in prosecuting the same; that Frank agreed that he would not make any compromise, settlement, release or satisfaction of the claim without Geer's consent; that Geer prosecuted the case and obtained a judgment in favor of Frank for $1007.66 and costs; that Frank settled the judgment with the defendants therein and satisfied the same and refused to account, and that J. L. Bennett claimed some interest in the fund. The bill made said parties defendants, together with others who were alleged to have the fund or some portion of it, and prayed for the appointment of a receiver and an accounting and a decree for the sum due. Bennett answered the bill admitting its averments, and filed a cross-bill setting out the agreement *in hæc verba,* as follows:

"It is agreed by and between Robert J. Frank, David S. Geer and J. L. Bennett, that said Frank assigns to said Geer and Bennett each a one-third interest in his claim against the American Automatic Lighting Company, Cody and Lawton. Said Geer, in consideration of said assignment, is to give his legal services, in conjunction with said Bennett, to the prosecution of any suits or other proceedings for the liquidation and settlement of said claim. Said Bennett, in consideration of said assignment, is to pay the necessary expenses, in the way of cash outlays, for court costs, etc., and give an equal amount of his legal services in the same manner as Mr. Geer. For the costs and expenses already paid said Bennett has paid said Frank $25 in cash, and is to pay the balance as requested by said Frank. It is agreed by all of said parties that no settlement or compromise of said claim shall be made without the assent of all parties.

"CHICAGO, ILL., *August 29, 1895.*        ROBERT J. FRANK,
                                          DAVID S. GEER,
                                          J. L. BENNETT."

Bennett then alleged in his cross-bill that he rendered services as an attorney, in conjunction with Geer, in the collection of the claim, and paid Frank $59.69, on his request, under the agreement to pay costs and expenses, and that Frank settled the judgment for $700 and refused to account. He therefore asked for a decree for what was

due him. The bill and cross-bill were answered by the other defendants, and Frank denied the right of Geer and Bennett, or either of them, to an accounting, alleged that the contract was not performed or his suit properly prosecuted, and charged that the agreement was unlawful. Upon a hearing the superior court dismissed the bill and cross-bill, and the complainant in each appealed. The Appellate Court affirmed the decree and granted a certificate of importance, by virtue of which Geer and Bennett are in this court as appellants, asking a reversal of the judgment of the Appellate Court.

It appeared, on the hearing, that there had been an agreement between Geer and Frank previous to the one of August 29, 1895, alleged in the bill and set out in the cross-bill, by which previous agreement Geer was to prosecute the claim and receive one-half the amount recovered or received, in settlement for his professional services, and Frank was to advance the costs. That agreement is not a subject for consideration here, both because it was not alleged in the bill or made a foundation for any claim, and because it was abandoned and the agreement so alleged between the three parties was substituted for it.

Disregarding all other questions argued, we are of the opinion that the agreement is illegal and void. It was said in *Newkirk* v. *Cone*, 18 Ill. 449, that the common law of champerty had been abolished in this State, but this statement was corrected in *Thompson* v. *Reynolds*, 73 Ill. 11, where it was said the former decision was manifestly a mistake, and that the question was not involved in such former decision, the champertous agreement having been abandoned by the parties by mutual consent. The law of champerty has been somewhat qualified by our decisions, but it is a part of the law of the State. We have held, in consonance with the great weight of modern authority, that an attorney may make an agreement for contingent fees of a legitimate character, by

which he is to receive a certain share or part of the money or thing recovered. (*West Chicago Park Comrs.* v. *Coleman,* 108 Ill. 591; *Phillips* v. *South Park Comrs.* 119 id. 626.) In such a case he has no interest in the litigation except that of an attorney and to the extent of his legal services, and if such a contract is not against conscience and reasonable in its terms, a court of equity would doubtless enforce it. The law, however, does not permit a person having no interest in the subject matter of a suit to become interested in it and concerned in its prosecution, and an agreement by which such person, although an attorney, agrees to bear expense and costs of litigation falls within the definition of champerty, and will not be enforced, either at law or in equity. (*Gilbert* v. *Holmes,* 64 Ill. 548; *Thompson* v. *Reynolds, supra.*) Under these rules the agreement between Bennett and Frank was champertous, and the undertakings of Geer and Bennett were so mutually dependent upon each other, as a consideration for the agreement of Frank, that the whole contract was tainted with illegality. The considerations for Frank's promise were the agreement of Geer to render legal services in conjunction with Bennett, Bennett's agreement to render legal services in conjunction with Geer, and Bennett's agreement to pay the costs and expenses. The agreement could not be performed and Geer render the services which he promised, except by Bennett carrying out his champertous agreement, and it was so executed. The undertakings cannot be separated, and one of the considerations inducing the promise of Frank being illegal, the entire contract is void and a court of equity will not aid in its enforcement.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*