## John Granat v. Simon Kruse, et al.

### Gen. No. 11,225.

1. CHAMPERTOUS—*when contract is.* Any contract by which an attorney agrees to prosecute a suit on a contingent fee and bear the expense and costs of litigation is champertous and therefore void.

2. CONTRACT—*when illegal provision in, does not invalidate.* A contract between attorney and client by which the client's right to compromise his claim is restricted, is not invalid, notwithstanding such restriction is contrary to public policy and void.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

**Statement by the Court.** This was a suit by appellees against appellant upon the following agreement between them:

"Chicago, Ill., April 4, 1901.

Whereas, on the 10-14th day of July, 1899, I, John Granat, received a personal injury, for which I hold a claim against Brand Brewing Company and M. L. Barrett & Company, and,

Whereas, I have this day employed Kruse & Peden as my attorneys, and have authorized and directed them to prosecute said claim.

Now, therefore, it is agreed between the parties hereto as follows:

First: Kruse & Peden shall use their best skill and efforts to prosecute said claim to a successful issue and shall receive for their services a sum equal to 50 per cent of the value of what may be recovered on said claim.

Second: If nothing is recovered on said claim, then Kruse & Peden are to receive nothing.

Third: I agree not to settle or compromise without the consent of Kruse & Peden, and to be guided by their judgment and advice, and Kruse & Peden are not to settle or compromise said claim without my approval and consent.

In case judgment is obtained, it is further agreed that said judgment be assigned to Kruse & Peden, with the understanding that all expenses of the case are to be paid out of the 50 per cent agreed upon as being Kruse &

Peden's share of the judgment, and the other 50 per cent to be paid Mr. Granat free of any expense.

JOHN GRANAT.

Witness,

MRS. GERTRUDE B. DAVIES.

KRUSE & PEDEN,<br>Per T. J. Peden."

The declaration sets out the foregoing agreement *in haec verba* and alleges that in pursuance thereof appellees brought suit for appellant against said Brand Brewing Company and M. L. Barrett & Company; that while said suit was pending and undetermined, appellant, without the knowledge or consent of appellees, made settlement of said claim with said companies and in consideration thereof received the sum of $3,800 and executed and delivered to said companies a certain written release set out at length in the declaration and acquitting and discharging said companies from appellant's said cause of action against them; that appellant has not paid appellees the sum of $1,900 due them and refuses to do so.

A demurrer to this declaration was overruled. Appellant electing to stand by his demurrer, judgment was entered against him for $1,900 and costs, from which he appeals.

MUSGRAVE, VROMAN & LEE, for appellant.

E. S. CUMMINGS, for appellees.

MR. JUSTICE STEIN delivered the opinion of the court.

In support of the demurrer counsel argue that the agreement sued on is champertous and void and cite Thompson v. Reynolds, 73 Ill. 11; Coleman v. Billings, 89 Ill. 183; Torrence v. Shedd, 112 Ill. 466; Phillips v. Park Commissioners, 119 Ill. 626; Geer v. Frank, 179 Ill. 570, and other cases decided by the Supreme Court of this state. The law is—and so these cases hold—that any contract by which an attorney agrees to prosecute a suit on a contingent fee and bear the expense and costs of litigation is champertous and therefore void. Geer v. Frank, *supra*. In Thompson v. Reynolds, *supra*, the Supreme Court adopt Blackstone's

definition of champerty, an essential element of which is that "the champerter is to carry on the party's suit at his own expense." In other words, the law will not allow a person to advance for another the costs and expense of litigation in consideration of deriving some benefit from the outcome thereof. The agreement before us is not of that character. Under it appellees were to make no advances or payments of any kind. The "expenses of the case," after having been paid by appellant, were to be deducted out of appellees' share of the judgment to be recovered, which was only another way of fixing the compensation to be paid them for their services.

It is not denied that under N. C. St. Ry. Co. v. Ackley, 171 Ill. 100, the clause of the agreement whereby appellant was "not to settle or compromise without the consent of" appellees is unlawful and of no effect, and counsel therefore contend that the whole contract is vitiated thereby. This result would undoubtedly follow if the contract is an entire one and the illegal part is not severable from the rest. 7 Am. & Engl. Enc. of Law, 2nd ed., 98. But upon the authority of Corcoran v. Coal Co., 138 Ill. 391; Bank v. Frazer, 86 Ill. 133; Wolsey v. Neeley, 62 Ill. App. 141; Whitbeck v. Estate of Ramsay, 74 Ill. App. 524, and Lumber Co. v. Coal Co., 56 Ill. App. 248, we are of opinion that the obnoxious provision is independent of the others, and may be disregarded without affecting their validity. Appellees do not rely for a recovery on the void clause. A contract containing two or more independent promises, based on a lawful consideration, one of which is void, may be enforced as to the valid promise.

The judgment appealed from is affirmed.

*Affirmed.*

Mr. Justice BAKER took no part.